UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-23466-SEITZ/TURNOFF

JMA, INC., et al.,

    Plaintiffs,

v.

BIOTRONIK SE & CO. KG., et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE DAMAGES ANALYSIS

This matter is before the Court on Plaintiffs' Motion to Strike Defendant Biotronik's Purported Lost Profit Expert Damages Analysis [DE-155]. Plaintiffs seek to strike a one page document that Defendant's 30(b)(6) representative described as an "expert analysis" during his deposition. The one page document is a summary of the lost profit damages sought by Biotronik. Plaintiffs seek to strike the document on four[1] grounds: (1) it is an untimely expert report; (2) it is speculative; (3) its prejudice outweighs any probative value under Federal Rule of Evidence 403; and (4) it is inadmissible under Federal Rule of Evidence 1006. Having considered the arguments, the Court will deny the motion with leave to raise the last argument again prior to trial.

The document is not an untimely expert report because it was prepared in-house by Biotronik, not an expert. *See* DE-155-3 at 63:21-23. Merely because Biotronik's 30(b)(6) representative may have called it an "expert analysis" does not make it such under the Federal

---

[1] The memorandum of law submitted with the motion only raises three grounds but the "Introduction" to the motion raises the additional ground that the document is an untimely expert disclosure.

Rules of Civil Procedure. Thus, this argument is purely semantics and is not a basis to strike the document.

Plaintiffs' argument that the document is speculative also fails. Lost profits based on past profits is an accepted means for establishing damages under both Oregon and Florida law. *See City of Eugene v. Monaco*, 17 P.3d 544, 548 (Or. App. 2000); *River Bridge Corp. v. American Somax Ventures ex rel. American Home Development Corp.*, 18 So. 3d 648, 650 (Fla. 4th DCA 2009). It will be the job of the jury to determine whether the evidence submitted by Biotronik is sufficient to establish its damages.

Plaintiffs third argument appears to be seeking to strike all lost profits evidence, not just this single document, and argues that such evidence should be stricken because it could lead to the unsupported inference of causation between LaPadula and Mathison's departure and the drop in Biotronik's profits. However, such an inference is not necessarily unsupported and Biotronik may have additional evidence to establish causation. Thus, the prejudice does not outweigh the probative value of the lost profits evidence.

Plaintiffs' final argument is based on Federal Rule of Evidence 1006, which requires that all supporting documentation for a summary must be presented to the other side. Plaintiffs assert that certain documentation that was used to produce the document has not been produced to them, requiring that the document be stricken. In support of their argument that Defendant has not produced all the supporting documentation, Plaintiffs have presented a portion of a deposition transcript in which counsel is discussing the supporting documentation and Biotronik's counsel states that he doesn't think that the cost of goods sold information was produced to Plaintiffs, but he would check. Thus, it is not clear that the supporting

documentation was not produced. Further, Biotronik has not directly responded to this argument. Thus, the Court will not strike the document for purposes of summary judgment but will reconsider its ruling, upon motion, before trial. Accordingly, it is

ORDERED that Plaintiffs' Motion to Strike Defendant Biotronik's Purported Lost Profit Expert Damages Analysis [DE-155] is DENIED.

DONE and ORDERED in Miami, Florida, this 18TH day of September, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record