UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-23466-SEITZ/TURNOFF

JMA, INC., et al.,

    Plaintiffs,

v.

BIOTRONIK SE & CO. KG., et al.,

    Defendants.
_____/

## ORDER ON DAMAGES

This matter came before the Court on the parties' briefing on damages [DE-192, 195 and 196]. The issue before the Court is what type of damages Biotronik may seek for its breach of contract claims and its tortious interference claim. The breach of contract claim is governed by Oregon law, while the tortious interference claim is governed by Florida law. During discovery, Biotronik failed to produce the documents supporting its cost of goods sold. Thus, the Court, by prior order, has held that Biotronik may not present evidence of its lost profits because the cost of goods sold is necessary to a lost profits calculation. Because the types of damages recoverable in contract and in tort are different, the Court will address each separately.

*Breach of Contract Damages*

Biotronik's breach of contract claim alleges three different breaches of the contracts between the parties: (1) breach of the term-of- years provision; (2) breach of the confidentiality and trade secrets provision; and (3) breach of the provision governing sub-representatives. Under Oregon law, damages is an essential element of any breach of contract claim. *Moini v. Hewes*, 763 P.2d 414, 417 (Or. App. 1988). The damages element can be met either by actual damages

or nominal damages. *Schafer v. Fraser*, 290 P.2d 190, 208 (Or. 1955). Biotronik sought to establish its actual damages through lost profits. However, as previously stated, such damages cannot be recovered here because of Biotronik's failure to produce during discovery the cost of goods sold documentation. Thus, Biotronik's breach of contract damages are limited to nominal damages.

*Tortious Interference With Contract*

Biotronik's tortious interference claim alleges that St. Jude tortiously interfered with Biotronik's contracts with the Sales Representatives. As a result, Biotronik seeks to recover its lost revenues. According to the Restatement (Second) of Torts, § 774A three types of damages are recoverable when there has been a tortious interference:

> (a) the pecuniary loss of the benefits of the contract or the prospective relation;
>
> (b) consequential losses for which the interference is a legal cause; and
>
> (c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference.

The first is the equivalent of lost net profits. As previously stated, due to its failure to produce, Biotronik may not seek lost net profits. The third, emotional distress or harm to reputation, has not been pled and Biotronik has not made any statements indicating that it intends to seek such damages. Biotronik does, however, seek consequential damages in the form of lost revenues. Under Florida law, such consequential damages may be recoverable if legally caused by the tortious interference. *See Pony Express Courier Corp. of Florida v. Zimmer*, 475 So. 2d 1316, 1317 (2 DCA 1985). Further, Florida law does not allow the recovery of nominal damages for tortious interference. *Imperial Majesty Cruise Line, LLC v. Weitnauer Duty Free, Inc.*, 987 So.

2

2d 706, 708 (Fla. 4th DCA 2008). Consequently, Biotronik may present evidence of its lost revenues to establish its damages for St. Jude's alleged tortious interference. However, any damage award cannot be uncertain, speculative, or hypothetical.[1]

Accordingly, it is

ORDERED that:

1. Biotronik may only seek nominal damages for its breach of contract claims. Consequently, the parties' proposed instructions should include an instruction on nominal damages.

2. Biotronik may seek lost revenue for its tortious interference claim to the extent that the damages legally caused by the tortious interference are ascertainable with reasonable certainty.

3. The parties' proposed jury instructions shall incorporate the holdings in this order.

DONE and ORDERED in Miami, Florida, this 24th day of November, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

---

[1] The Court notes that the parties' proposed jury instructions did not use the full text of Florida Standard Civil Jury Instruction 408.4. [*See* DE-199 at 56-57.] If the parties' amended proposed jury instructions do not use the full text, they should be prepared to discuss this at the charge conference.

3