UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:12-23466-CIV-SEITZ/TURNOFF

JMA, INC., et al.,

       Plaintiffs,

v.

BIOTRONIK SE & CO. KG, et al.,

       Defendants.
_____/

## ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND GRANTING MOTION TO AMEND FINAL JUDGMENT

This matter is before the Court on Plaintiffs' Motion to Amend Final Judgment to Conform to Verdict [DE-244] and Biotronik's Motion for Entry of Final Judgment [DE-239]. Plaintiffs seek an Amended Final Judgment because the Final Judgment [DE-238] does not accurately reflect the findings of the jury. Biotronik's Motion seeks entry of a final judgment based on the Court's Omnibus Order on Motions for Summary Judgment [DE-176] and Plaintiffs' decision not to pursue their remaining claims at trial. Plaintiffs' Motion is granted because the Final Judgment does not accurately reflect the findings of the jury. Biotronik's Motion, on the other hand, is denied because there is no need for entry of final judgment on the previously dismissed and adjudicated claims.

**Plaintiffs' Motion**

After trial, the jury returned a verdict finding that the Plaintiff Sales Representatives had breached their agreements with Biotronik by disclosing confidential information or trade secrets. The Verdict Form [DE-233] asked the jury to determine whether the Sales Representatives had breached the agreements and then to set out the amount of damages suffered by Biotronik as a

result of the breaches. The Verdict Form awarded $0 dollars in damages for each of the breaches. After return of the verdict, the Court entered judgment in favor of Biotronik on the breach of contract claims in the amount of $0. Plaintiffs assert that, under controlling Oregon law, a finding of damages is a necessary element of a breach of contract claim and, therefore, judgment should have been entered in favor of Plaintiffs on the breach of contract claims. Thus, Plaintiffs seek entry of an amended judgment. Instead of responding to the Plaintiffs' Motion and the arguments therein, Biotronik primarily used its response to simply reargue its prior filed Motion for Entry of Final Judgment. In response to Plaintiffs' arguments, Biotronik simply states that the Final Judgment "correctly reflects the jury's Verdict."

While the Verdict Form shows that the jury found that the Sales Representatives "breached" their agreements, when read in conjunction with the jury instructions, it is clear that the Final Judgment is in error. The jury instructions on breach of contract stated:

> Elements of a Breach of Contract Claim
> In order to recover on this claim, Biotronik must prove each of the following elements by the greater weight of the evidence:
>
> 1. The existence of a specific contract/agreement and relevant terms;
> 2. Breach of the agreement; and
> 3. Damages naturally and necessarily resulting from the breach.
>
> A contract is a legally enforceable promise or set of promises. An agreement to agree in the future does not constitute an enforceable contract.
>
> A breach of contract/agreement occurs when a party fails to perform as required by the contract.

DE-231 at 8. The following instruction was for damages for breach of contract:

> Damages for Breach of Contract
> Compensatory damages is that amount of money which will put Biotronik in as good a position as it would have been if the Sales Representatives had not breached the

contract and which naturally and necessarily results from the breach. However, Biotronik cannot recover for that portion of the loss it could have avoided if it had taken reasonable efforts to minimize its loss.

As its damages for breach of contract, Biotronik is seeking its lost profits. To recover for lost profits, Biotronik must first prove that some loss exists, and that the Sales Representatives' breach of contract caused the loss. Biotronik must then prove the amount of lost profits that is reasonably probable.

Biotronik may prove an amount of lost profits with estimates or projections. The amount of damages must be calculable with reasonable certainty; they cannot be speculative. However, it is not necessary to prove the exact amount of lost profits.

To decide the amount of lost profits, first decide the total amount of money Biotronik would have earned but did not. Then subtract from that amount what would have been Biotronik's costs of doing business to earn the money. What remains is lost profits.

If you decide that the Sales Representatives breached the Representative Agreements but that Biotronik did not prove any loss or damage, you may still award Biotronik nominal damages such as one dollar or ten dollars.

DE-231 at 9. The jury found that no damages resulted from the Sales Representatives' breaches. Consequently, Biotronik failed to prove an essential element of its breach of contract claim. Accordingly, the Final Judgment as to the breach of contract count was incorrectly entered and Plaintiffs are entitled to entry of an Amended Judgment which accurately reflects the findings of the jury.

**Biotronik's Motion**

Biotronik's Motion seeks entry of a final judgment reflecting the Court's rulings in its Omnibus Order on Motions for Summary Judgment and the Plaintiffs' dismissal of all of its affirmative claims prior to trial. Specifically, Biotronik asserts that it is entitled to judgment in its favor on all counts of Plaintiffs' Second Amended Complaint and against Biotronik on Count III of its counterclaim. Biotronik's motion is made pursuant to Federal Rule of Civil Procedure

3

58(d) and is sought in order to permit Biotronik to file a motion for attorneys' fees and costs. Plaintiffs oppose the motion because such a judgment is not required by Rule 58(d) and Biotronik's proposed judgment does not accurately reflect the Court's holdings.

Biotronik's motion implies that without the entry of the additional final judgment it cannot appeal the Omnibus Order. It also refers to "remaining claims." However, Biotronik is incorrect. All claims in this case have either been adjudicated or dismissed. There are no claims that remain. Further, the entry of the Final Judgment after trial allowed Biotronik to appeal all non-final rulings and orders that produced the judgment. *See Barfield v. Brierton,* 883 F.2d 923, 930 (11th Cir. 1989). In this case, "[b]ecause the order granting summary judgment was an interlocutory order not appealable as of right, the order was merged into the final judgment and is open to review on appeal from that judgment." *Aaro, Inc. v. Daewoo International (America) Corp.,* 755 F.2d 1398, 1400 (11th Cir. 1985). Consequently, there is no need for a final judgment on the claims that were adjudicated or dismissed prior to trial. Finally, Rule 58(d) does not require otherwise. Consequently, Biotronik's Motion is denied.

Accordingly, it is

ORDERED THAT:

1. Plaintiffs' Motion to Amend Final Judgment to Conform to Verdict [DE-244] is GRANTED. The Court will enter a separate Amended Final Judgment.

2. Biotronik's Motion for Entry of Final Judgment [DE-239] is DENIED.

DONE and ORDERED in Miami, Florida, this 30th day of January, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record